UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff,<br><br>v.<br><br>RICKY CARTER, JR.<br>Petitioner/Defendant. | Case No. 3:17-cr-00003-LRH-WGC<br><br>ORDER |

Before the Court is petitioner Ricky Carter, Jr.'s ("Carter") motion, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 79). Carter filed his motion considering the recent ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government opposed (ECF No. 84), arguing that Carter's claims are procedurally barred because he did not raise them on direct appeal. In his reply (ECF No. 88), Carter maintains that the constitutional errors are structural.

For the reasons contained within this Order, the Court denies his motion and denies him a certificate of appealability.

**I.    BACKGROUND**

On November 30, 2016, Reno police officers conducted a traffic stop on Carter. ECF No. 84. During the stop, officers saw a firearm in plain view; specifically, a 9-millimeter Glock 17 semi-automatic pistol. *Id.* Carter is an ex-felon, and on January 4, 2017, Carter was indicted by a grand jury for unlawfully possessing a firearm. ECF No. 1.

///

Carter elected to proceed to a jury trial, and in June 2017, a jury returned a verdict of guilty of Unlawful Possession of a Firearm by a Previously Convicted Felon. ECF No. 48. This Court sentenced Carter to 120 months' imprisonment followed by three years supervised release. ECF Nos. 56, 57. Carter appealed the judgment on various constitutional and procedural grounds, but the Ninth Circuit affirmed his conviction. ECF No. 77. Carter now seeks to overturn his sentence under 28 U.S.C. § 2255. ECF No. 79.

**II.     LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

On June 21, 2019, the Supreme Court decided *Rehaif*, overturning established Ninth Circuit precedent. 139 S. Ct. 2191. In the past, the government was only required to prove that a defendant knowingly possessed a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). *Id.* at 2200. Now, under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." *Id.*

**III.    DISCUSSION**

Carter argues that by leaving out the new *Rehaif* element from the original indictment, this Court lacked jurisdiction. ECF No. 79, at 18. He further alleges the omission in the indictment violated his Fifth Amendment guarantee that a grand jury find probable cause to support all the necessary elements of a crime and not to be tried by a faulty indictment. *Id.* at 19–22. Carter also

alleges a violation of his Sixth Amendment right to effective assistance of counsel and to be informed of the nature and cause of the accusation. *Id.* Lastly, Carter argues, because the jury instructions did not contain the *Rehaif* element, his conviction violated the Due Process clause. *Id.* at 26.

### A. Jurisdiction

This Court "has jurisdiction of all crimes cognizable under the authority of the United States…." *Lamar v. United States*, 240 U.S. 60, 65 (1916). Any "objection that the indictment does not charge a crime against the United States goes only to the merits of the case," and does not deprive the court of jurisdiction. *Id.; see also United States v. Cotton*, 535 U.S. 625, 630 (2020) (reiterating *Lamar*). Quite importantly, the Ninth Circuit and decisions within the District of Nevada have relied on the principle announced in *Cotton* in cases considering the aftermath of *Rehaif. See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."); *see also United States v. Miller*, Case No. 3:15-cr-00047-HDM-WGC (D. Nev. Dec. 8, 2020); *United States v. Baustamante*, Case No. 2:16-cr-00268-APG (D. Nev. Dec. 7, 2020).

Therefore, pursuant to Ninth Circuit precedent and various other decisions in this District, the Court had and continues to have jurisdiction over Carter's case despite *Rehaif*.

### B. Procedural Default

The government argues Carter's constitutional claims are procedurally defaulted. ECF No. 84, at 4. While a defendant certainly can question the underlying legality of his sentence or conviction, one who does not on direct appeal is procedurally defaulted from doing so unless they can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (citations omitted). "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Carter did not challenge the validity of the indictment and/or jury instructions on direct appeal, but instead, argues his claims have not procedurally defaulted because he can demonstrate

3

cause and prejudice, or, in the alternative, the omission in his indictment is a structural error and therefore only requires a showing of cause. Each argument is addressed in turn.

### 1. Cause

Carter can likely demonstrate cause. *Rehaif* overturned long standing precedent in the Ninth Circuit, and the decision's constitutional consequences were not "reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

### 2. Prejudice

Still, Carter cannot demonstrate prejudice. The Ninth Circuit has found in numerous scenarios, that even if a defendant had been aware that the Government would need to prove the knowledge-of-status element—or if it needed to be included as a jury instruction—there is no reasonable probability that the outcome would have been different. *See United States v. Espinoza,* 816 F. App'x 82, 84 (9th Cir. 2020) (holding that "the failure of the indictment and plea colloquy to include the element of knowledge of felon status does not require us to vacate [the] conviction…"); *United States v. Schmidt*, 792 F. App'x 521, 522 (9th Cir. 2020) ("Although [defendant] did not argue below that the government was required to prove [defendant] knew he was a felon, under any standard of review there was overwhelming evidence that [defendant] knew he was a felon when he possessed the firearms at issue in this case."); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (finding in the trial context that, "even if the district court had instructed the jury on the knowledge-of-status element, there is no reasonable probability that the jury would have reached a different verdict…"). In other words, the Ninth Circuit has repeatedly found no actual harm resulted from alleged constitutional violations stemming from the decision in *Rehaif* in cases involving comparable facts to Carter's.

Here, at trial, Carter stipulated to his prior conviction which was punishable by imprisonment for a term exceeding one year. ECF No. 69, at 76. Notably, Carter testified at trial, and acknowledged his prior convictions, including being an ex-felon in possession. *Id.* at 157–58. Carter also testified that he knew, because of his prior convictions, he "couldn't possess the gun or have it in [his control at any time or even have it around [him]," ECF No. 69, at 160. Therefore, the Court is not persuaded that the inclusion of the *Rehaif* element would have directed the jury to

4

reach a different verdict. *See Tuan Ngoc Luong*, 965 F.3d at 989 (recognizing that because of the defendant's prior felony convictions, the omission of the *Rehaif* element did not affect any "substantial rights, nor the fairness, integrity, or public reputation of the [trial]." (citations omitted)).

Accordingly, there is no reasonable probability, but for the *Rehaif* error, that the outcome of the proceeding would have been different. Therefore, because Carter has not demonstrated both cause and prejudice, he procedurally defaulted on his claims challenging the legality of his conviction.

### C. Structural Error

Alternatively, Carter argues the errors are structural, therefore only requiring a showing of cause. "[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations omitted). Structural errors go to the very heart of the trial and are not "simply an error in the trial process itself." *Arizona v. Fulimante*, 499 U.S. 279, 310 (1991).

While the Ninth Circuit has not decided whether the knowledge-of-status element in *Rehaif* presents issues of structural error, numerous other circuits have concluded it does not. *See United States v. Nasir*, 2020 WL 7041357, at *19, n.30 (3d Cir. Dec. 1, 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020).

The Court agrees with these circuit courts and concludes that *Rehaif* likely does not involve the limited class of errors the Supreme Court has deemed structural.

### E. Certificate of Appealability is Denied

To proceed with an appeal of this Order, Carter must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9TH CIR. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden

of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation omitted).

As discussed above, Carter has failed to raise a meritorious challenge to his conviction and sentence pursuant to the Ninth Circuit's decision in *Rehaif*. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950–51. Therefore, the Court denies Carter a certificate of appealability.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Carter's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 79) is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Carter's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 17th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE